IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERNEST POTTS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JAMES T. WYNDER, JR., et al. | : | NO. 05-750 |

### MEMORANDUM AND ORDER

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE          August     15    , 2005

It appears, based on correspondence from the Petitioner, that there is some confusion regarding the Recommendation previously filed in this case, the Order of Judge Fullam, adopting that Recommendation, and this Court's Order of July 12, 2005, directing the District Attorney to file a supplemental response.

After filing his habeas petition, Potts asked the court if he could amend his petition to include the issues he presented on direct appeal. "Petitioner would like to add his direct appeal issues that were heard by the higher appeal court." Motion to Amend, Docket #7. Considering that this request was made prior to the expiration of § 2244's limitations period, we recommended that the Motion to Amend be granted. Judge Fullam subsequently approved and adopted the Recommendation. When Judge Fullam remanded the case to the undersigned, we ordered the District Attorney to file a supplemental response, specifically addressing the claims that Potts included in his direct appeal.

We have now received a letter from Potts expressing confusion because he believed the next step in the progression was for him to file an amended petition. We find such a filing unnecessary. Potts stated that he wished to present the claims he had presented on direct appeal.

As we explained in the original Report and Recommendation, we believed it appropriate to allow such amendment because Potts's request fell within § 2244's limitations period. At this point, no other claims would be permitted.

Obviously, the District Attorney is familiar with the case and can obtain from the record the exact claims that Potts presented on direct appeal. Once the District Attorney has filed a supplemental response, Potts will have the opportunity to file a traverse/reply if he believes that the District Attorney has misconstrued any of the claims he presented on direct appeal. However, we believe that the record of Potts's filings in the state courts will speak for themselves.

It also appears that Potts's correspondence has cause some confusion with the District Attorney. In light of the letter, the District Attorney has requested an extension of time to file a response to the petition. The request will be granted, in part. Because we are not requiring Potts to file a supplemental petition, the District Attorney shall have thirty days from the date of the attached Order to file a Response.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERNEST POTTS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JAMES T. WYNDER, JR., et al. | : | NO. 05-750 |

## **O R D E R**

AND NOW, this 15th day of August, 2005, upon consideration of the Petitioner's letter dated July 22, 2005, this Court's prior Report and Recommendation, and the Order of the Honorable John P. Fullam, granting Petitioner's Motion to Amend and remanding the case to the undersigned, IT IS HEREBY ORDERED, that no amended pleading is required to be filed by the Petitioner at this time. Once the response is received, the Petitioner may file a traverse/reply within 20 days if he believes that any clarification of his claims is necessary. IT IS FURTHER ORDERED that the District Attorney's Motion for Enlargement of Time is GRANTED IN PART. The District Attorney shall have thirty days from the date of this Order to file a Response.

BY THE COURT:

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE